UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID F. KELLY BEY,                    :
                                       :CIVIL ACTION NO. 3:12-CV-92
        Petitioner,                    :
                                       :(JUDGE CONABOY)
             v.                        :
                                       :
DANIEL S. KEEN,                        :
                                       :
        Respondent.                    :

FILED
SCRANTON

MAR 26 2012

PER ⟋
DEPUTY CLERK

**MEMORANDUM**

Here we consider David F. Kelly Bey's ("Bey" "Petitioner")
Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a
Person in State Custody. (Doc. 1). Petitioner filed this action
pro se on January 17, 2002. (*Id.*) Also pending are Petitioner's
Application to Proceed in District Court Without Prepaying Fees or
Costs (Doc. 4) and Motion for Enforcement of Proposed Consent
Decree in the Alternative Motion for an Order of Contempt (Doc. 5).

### I. Background

Petitioner asserts that he was convicted in the Court of
Common Pleas of Franklin County, Pennsylvania, on April 20, 2011,
of resisting arrest, receiving stolen property, fleeing or
attempting to elude police, escape, false identification,
disorderly conduct, driving under the influence and retail theft.
(Doc. 1 at 1.) On the same date, Petitioner was sentenced to 29½
to 83 months. (*Id.*) Petitioner also contends that he pled nolo
contendere to the charges. (*Id.*)

Plaintiff did not appeal from the judgment of conviction in

state court. (Doc. 1 at 2.) However, following his conviction, Plaintiff identifies the following motions filed in the Court of Common Pleas of Franklin County: 1) a motion for jail time credit; 2) an amended motion to vacate all court costs, fines and restitution; and 3) a motion to quash detainer for time served. (Doc. 1 at 3-4.) Petitioner states these motions were filed on April 20, 2011, and are still pending. (*Id.*) In the "Date of result" section of the form pleading, Petitioner notes "inordinary delay" or "inordinance [sic] delay." (Doc. 1 at 3, 4.) In answer to the question of whether he appealed "to the highest state court having jurisdiction over the action taken on your petition, application, or motion," Plaintiff replied "no" and identified the reason as "inordinance [sic] delay." (Doc. 1 at 4.)

Petitioner maintains the grounds for his Petition are that he is "being denied his state and federal constitutional rights." (Doc. 1 at 5.) Under "supporting facts" Petitioner identifies the three motions pending in state court. (*Id.*) He states he did not exhaust state remedies of this claim because of "inordinance [sic] delay." (*Id.*)

## II. Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). *See, e.g., Mutope*

2

*v. Pennsylvania Board of Probation and Parole*, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007).  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Gorko v. Holt*, No. Civ. 4CV05956, 2005 WL 1138479, at *1 (M.D. Pa. May 13, 2005) (quoting *Allen v. Perini*, 424 F.2d 134,141 (6th Cir. 1970)).

In *Younger v. Harris*, 401 U.S. 37 (1981), the United States Supreme Court held that "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't*, 973 F.2d 169, 173 (3d Cir. 1992).  The test for federal court abstention under *Younger* is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Id.*  (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).  *Schall* noted that even if the three predicates exist,

3

*Younger* abstention is not appropriate if the petitioner can establish that

> (1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted.

885 F.2d at 106 (citing *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982); *Younger*, 401 U.S. at 49-50).

The stated ground for the instant Petition is that "Petitioner is being denied his state and federal constitutional rights." (Doc. 1 at 5.)  In the "supporting facts" section of the petition, Petitioner cites only to the three motions pending in state court, adding in the following section that he did not exhaust state remedies because of "inordinance [sic] delay."  (Doc. 1 at 5.) Although the grounds upon which Bey's Petition is based are not clear from his filing, we can glean two important facts: 1) the Petition somehow relates to the motions pending in state court; and 2) Petitioner has not exhausted his federal claims in state court.  (*Id.*)

Because the three motions cited are pending in the Court of Common Pleas of Franklin County, we can determine "there are ongoing state proceedings that are judicial in nature," *Port Auth.*

4

*Police Benevolent Assoc., Inc.*, 973 F.2d at 173.   We can also
conclude "the state proceedings implicate important state
interests," *id.*, in that they appear to relate directly to
Petitioner's state incarceration and conviction.   Further, nothing
in the Petition indicates that the state proceedings would not
"afford an adequate opportunity to raise federal claims," *id.*
Finally, there is nothing in Bey's Petition which suggests an
exception to *Younger* applies.   Petitioner's notation regarding
delay in state court does not present a situation where court's
have found that *Younger* abstention is not appropriate.   Therefore,
abstention is required in this case out of deference to the
integrity of the state judicial process.

Of equal importance, in filing this Petition without
exhausting state court remedies, Petitioner is asking this Court
to excuse the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A)
which provides that "[a]n application for a writ of habeas corpus
by a person in custody pursuant to the judgment of a State court
shall not be granted unless it appears that . . . the applicant
has exhausted the remedies available in the courts of the State."
Petitioner's identification of "inordinance [sic] delay" as the
reason for his failure to exhaust does not excuse the requirement
in this case.   (Doc. 1 at 4.)

Inordinate delay may in some circumstances excuse the
exhaustion requirement.   *Wojtczak v. Fulcomer*, 800 F.2d 353, 354
(3d Cir. 1986).   The Third Circuit Court of Appeals has noted that
the "thirty-three month delay in *Wojtczak* remains the shortest

5

delay held to render state collateral proceedings ineffective for purpose of exhaustion." *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002) (refusing to excuse exhaustion in the face of twenty-seven month delay).

Petitioner's motions, filed on April 20, 2011 (Doc. 1), have been pending for less than one year--far from *Wojtczak's* thirty-three months. Therefore, the length of time Petitioner's motions have been pending in state court would not excuse exhaustion of any federal claim related to those matters.

### III.  Conclusion

Both because abstention is required in this case and because Petitioner has not exhausted his claims in state court, the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1) will be dismissed without prejudice. Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) will be granted for this filing only. Plaintiff's Motion for Enforcement of Proposed Consent Decree in the Alternative Motion for an Order of Contempt (Doc. 5) is deemed moot.[1] An appropriate Order accompanies this Memorandum.

RICHARD P. CONABOY
United States District Judge

DATED:  3-26-12

---

[1]  To the extent the Motion for Enforcement of Proposed Consent Decree in the Alternative Motion for an Order of Contempt (Doc. 5) is filed under a separate number, requests relief not related to the issues raised in Bey's petition, and does not involve the fact or duration of his confinement, the motion could also be denied.